# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| JUAN BARAHORE,<br>    Plaintiff | Case No. 1:09-cv-952 |
| | Dlott, J. |
| vs | Hogan, M.J. |
| AMY WEISS, et al.,<br>    Defendants | **ORDER** |

Plaintiff, an inmate at the Lebanon Correctional Institution (LeCI) in Lebanon, Ohio, brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim

upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915 (e)(2)(B)(ii-iii); 1915A(b)(1-2). In order to state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that the persons engaging in the conduct complained of were acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 517 (1984)). Plaintiff's complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007) (citations omitted); *Wysong v. Dow Chemical Co.*, 503 F.3d 441, 446 (6th Cir. 2007), and provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The standard for plausibility is not akin to a "probability requirement," but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly,* 550 U.S. at 556). Thus, when "a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (citing *Twombly*, 550 U.S. at 557) (internal quotations omitted)).

Plaintiff, who is proceeding pro se, brings this action against LeCI Healthcare

Administrator Amy Weiss, LeCI Chief Medical Officer Dr. McWeeney, and LeCI nurses J. Fleck and K. Hall. Plaintiff's complaint and attachments thereto indicate the following: On February 3, 2009, plaintiff fell off the top bunk in his cell and injured his leg. He was taken to the infirmary, examined by a nurse, and given Tylenol for the pain. Later that day, he continued to experience pain and was given more Tylenol. He was examined the following day by a nurse and given more pain medication. His leg began to swell and on February 5, 2009, he was given crutches to help him walk. On February 6, 2009, plaintiff was examined by Dr. McWeeney who ordered x-rays, pain medication, and a follow-up. Plaintiff states he visited the nurses station each day and was given Tylenol for the pain and a topical ointment for the swelling. On February 8, 2009, plaintiff was taken to Ohio State University Hospital for treatment. It was determined that plaintiff had a MRSA infection. Plaintiff underwent surgery to treat the infected area.

Plaintiff alleges the LeCI doctor and nurses should have known his condition was seriousness because of his symptoms and "should have been trained to diagnose and treat [MRSA] with such a large number of inmates becoming infected with it." (Complaint at 6). Plaintiff states that "due to the negligence shown me I have constant pain in some areas of my leg, and numbness in other areas of my leg that causes me to misjudge how capable I am of walking on it; and the scars as a result of my surgery are so bad that I'll probably never wear shorts in public again. . . ." (Complaint at 6-7). As relief, plaintiff seeks $10,000.00 for pain and suffering.

Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted. In order to state a claim for relief under 42 U.S.C. § 1983 concerning a denial

of medical care, plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prisoner who is allowed to suffer needlessly through a denial of medical care when relief is available has a cause of action under the Eighth Amendment against an individual whose deliberate indifference caused the suffering. Plaintiff must allege that prison officials have denied his reasonable requests for medical care when such need is obvious, and when he is susceptible to undue suffering or threat of tangible residual injury. *Byrd v. Wilson*, 701 F.2d 592, 594 (6th Cir. 1983); *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976); *see also Estelle*, 429 U.S. at 106. Where medical assistance has been administered, such treatment must be so "woefully inadequate as to amount to no treatment at all" in order to give rise to a cause of action under § 1983. *Westlake*, 537 F.2d at 860-61 n.5. Not every claim of inadequate medical treatment states an Eighth Amendment violation. *Estelle*, 429 U.S. at 105. Allegations of negligence in diagnosing or treating medical conditions are not actionable under § 1983. *Estelle*, 429 U.S. at 106; *Byrd*, 701 F.2d at 595 n.2; *Westlake*, 537 F.2d at 860-61 n.5. A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement, including proper medical care, only if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Plaintiff's complaint fails to allege facts showing the defendants were deliberately indifferent to his medical needs. Plaintiff was promptly examined by prison nurses and given pain medication and a topical ointment for his leg following his accident on February 3. He was also examined by Dr. McWeeney who ordered x-rays, pain medication, and a follow-up.

4

Within five days of falling out of his bunk, plaintiff was transported to Ohio State University Hospital for treatment. Even if the nurses and Dr. McWeeney incorrectly assessed the seriousness of plaintiff's leg pain initially, that action does not amount to deliberate indifference. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Westlake*, 537 F.2d at 860 n. 5. It is well-settled that "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle,* 429 U.S. at 106. "[A]n inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind .'"*Estelle,* 429 U.S. at 105-106. Plaintiff's allegations may amount to negligent treatment, but without more the Court is unable to conclude that plaintiff's complaint states a claim for relief under the Eighth Amendment for deliberate indifference to serious medical needs. Therefore, the complaint against Dr. McWeeney and nurses Fleck and Hall must be dismissed.

Finally, the only action defendant Weiss took was to deny plaintiff's informal complaint about his medical treatment. (Complaint, attachment). Because liability under section 1983 cannot be premised on the mere denial of administrative grievances, *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999), the complaint against defendant Weiss is dismissed.

Accordingly, the Court concludes that plaintiff's complaint is subject to dismissal on

the ground that it fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. The complaint is hereby **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**

        S/Susan J. Dlott
        Susan J. Dlott, Chief Judge
        United States District Court